White, J.
 

 now delivered the opinion of the Court.
 

 In this case three errors have been assigned by the plaintiff: —
 

 1. That there is no valid consideration for the promise.
 

 2. That the Court below erred in giving judgment for the twelve and a half per cent interest on the judgment of the County Court.
 

 3. The Court below erred in overruling the motion for a new trial.
 

 On the second of these errors but little has been said in the argument, and that question is considered by this Court as at rest. While the superior courts existed, if the defendant appealed to one of them from the County Court, and the plaintiff, in the Superior Court, recovered the same, or a larger sum than that recovered in the County Court, the plaintiff in either of those cases was entitled to twelve and a half per cent on the sum recovered in the County Court: because in either instance the judgment of the County Court was affirmed within the meaning of the statute ; the object of which was to prevent appeals where injustice had not been done in the County Court. But if the plaintiff recovered in both courts, yet a less sum in the Superior than in the County Court, there the twelve and a half per cent was not to be awarded. The circuit courts, under the present, being, as it respects appeals from the county courts, the substitutes of the superior courts under the former system, the same determination upon this point ought to be made in the circuit, that formerly was in the superior courts. Of course, upon this part of the case we believe no error has been committed.
 

 The third error has been insisted upon with some earnestness, but apparently with not so much as the first. It will therefore be next noticed.
 

 
 *35
 
 It has been alleged that the jury adopted as the criterion from which' they estimated their damages the injury the defendant sustained in his business as a tavern-keeper, when they ought only to have allowed as much as it would have been worth to have built such a kitchen as the contract contemplated. Upon inspecting the bill of exceptions, it is found the defendant, in opposition to the plaintiffs demand in the Circuit Court, gave in evidence a set-off of $ 314. It is believed evidence of this set-off, if objected to, could not, from the nature of the demand, have been allowed. If we suppose the data assumed by the counsel for the plaintiff correct, upon which we do not think it necessary to decide at present, and add interest upon the sum thus recovered, and exclude Betts’s set-off, Demum-brune would still recover pretty nearly the same sum which he has already recovered. And this Court ought not to reverse judgments, unless some material error upon the merits has intervened, and the more especially in this case, where it does not appear that the Court were requested to give, or did in fact give, any directions to the jury upon this point, but left them to ascertain the damages from the circumstances disclosed to them.
 

 In examining the first error assigned, the counsel have alleged in argument that the contract for renting the lot, and erecting the kitchen upon it, was one entire contract; and that as the contract for renting the lot was reduced to writing, and in that writing nothing is said respecting the kitchen, that this part which was left out of the writing is lost sight of, and that the Court ought not to have suffered parol evidence to add to the written agreement: And if we do not view this as an entire contract, that there is no consideration whatever to support the promise.
 

 The authorities produced seem to establish these positions : —
 

 1. That parol evidence ought not, at law, to be received to contradict a written agreement.
 

 ■ 2. That it cannot be received to add to one, or even explain it, except there is some latent ambiguity in it.
 

 Still the difficulty remains to apply these principles to the present case. In looking into the record it is not perfectly clear that this was an entire contract. By examining the declaration it is conceived it will be found to be a fair construction of it, that Betts had requested Demumbrune to rent his tavern, and promised him, if he would do so, he would ereet the kitchen; He did rent the tavern, and the contract for this renting may well be a consideration for the promise to erect the kitchenand yet the contracts be distinct, the one reduced to writing and the other not.
 

 But, independent of this, it seems to us that the business of this Court is to revise the opinions delivered by the circuit courts; and that if in the course of the trial it seemed to "be parcel of the same agreement, one part of which only was reduced to writing, the defendant’s counsel ought either to have objected to the evidence being received by the jury, or after given
 
 *36
 
 to have moved the Court to instruct the jury, that if they believed them to be only parts of the same entire contract, to find for the defendant: And if the Court had either overruled the objection, or given different directions, then to have excepted to the opinion, and thus brought the question directly before this Court for examination. As the defendant in the Court below did' not adopt this course, but suffered the evidence to be received, and submitted to the jury without objection, and without any particular direction as to the law, it would be improper for us to interfere and reverse the judgment. After the verdict, it is true, a new trial was moved for and refused; and to this opinion an exception is taken. On what ground the new trial was either moved for or refused does not appear. Suppose the Circuit Court had said, “We are now satisfied that, according to strict law, Demumbrune ought not to have had a verdict; yet, upon the whole, justice is done ; the equity of the case is attained. Demumbrune has a verdict for nothing but what, in some form or other, he ought to recover, and we will not disturb the verdict.” The authorities would, as we conceive, sanction such a doctrine. How can this Court know but that this is the very ground upon which the Circuit Court proceeded ? In no way does the record forbid the supposition. The Court may intend everything which the record will permit, in support of a judgment, but can imply nothing to enable them to reverse. A plaintiff in error must place his cause in such a situation as to show that the decision of the inferior court is erroneous. Judgment affirmed.